IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DONG SUH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 915 |
| | ) |
| **DIVERSIFIED ADJUSTMENT** | ) |
| **SERVICE, INC.** c/o **REGISTERED** | ) |
| **AGENT SOLUTIONS, INC.** | ) |
| 901 S. 2nd Street, Suite 201 | ) |
| Springfield, IL 62704, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Dong Suh ("Suh") has brought this action under the Fair Debt Collection Practices Act (Act"), complaining of the transmittal to Suh of a letter from defendant Diversified Adjustment Service, Inc. ("Diversified") that sought to collect a debt that had been discharged in Suh's voluntary bankruptcy petition almost a year earlier. As Complaint ¶¶ 12 and 13 allege:

12. At the time of this communication, Defendant knew, or should have known, that the Debt was included in an active bankruptcy.

13. Upon information and belief, Defendant does not maintain procedures reasonably adapted to identify consumers that filed bankruptcy or it would have discovered Plaintiff's bankruptcy filing.

Although Suh's counsel cite <u>Ross v. RJM Acquisitions Funding, LLC</u>, 480 F.3d 493 (7th Cir. 2007) as authority supporting the current action, the critical reference in Complaint ¶ 12 to what Diversified assertedly "knew or should have known" creates a serious question as to the propriety of this lawsuit. Certainly if "knew" is the correct verb, the action is viable and the analysis in <u>Ross</u> applies -- but if "should have known" is the predicate for this action, the

discussion in Ross, 480 F.3d at 497 and in our Court of Appeals' earlier decision in Hyman v. Tate, 362 F.3d 965, 968-69 (7th Cir. 2004), as well as in other cases cited in Ross, may render it dubious (to say the least) to find the Act violated by a single communication to a debtor under the circumstances described in the Complaint.

Indeed, it would seem that responsible conduct on the part of Suh's counsel, when his client apprised him of the single letter referred to in Complaint ¶ 10, would have been to inquire of the collection agency defendant to learn the facts before filing suit. Meanwhile this Court is entering, as it always does with new lawsuits assigned to its calendar, a threshold order setting an initial status hearing. This Court suggests, but does not order, that in the interim Suh's counsel conduct the inquiry that better judgment would appear to have called for before this lawsuit was brought.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 5, 2015